UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CIBANCO, S.A., I.B.M., As Trustee of the Trust Agreement Irrevocable number CIB/2989,

                Plaintiff,

-against-

OCEANSIDE GLASSTILE COMPANY,

                Defendant.

**COMPLAINT**

---

Plaintiff CIBANCO, S.A., I.B.M., As Trustee of the Trust Agreement Irrevocable number CIB/2989 ("Plaintiff"), as and for its Complaint against defendant Oceanside GlassTile Company ("Defendant"), alleges and states as follows:

## NATURE OF ACTION

1. Plaintiff is the assignee of a commercial Lease with Defendant's Mexican affiliate. Defendant guaranteed the affiliate's full obligations under the Lease pursuant to a written Guaranty of Lease, executed by Defendant's President and Chief Executive Officer on November 14, 2016. After Defendant's Mexican affiliate breached the Lease, Plaintiff demanded that Defendant honor its obligations under its Guarantee of Lease, which it failed to do. Defendant's Guaranty of Lease mandates that enforcement of the Lease be litigated exclusively in this District. Plaintiff commences this action as a result of Defendant's breaches of its obligations under the Guaranty of Lease for the full amounts owed thereunder as detailed below.

## THE PARTIES

2. Plaintiff is a Mexican entity operating in Mexico City, Mexico.

3. Defendant is, upon information and belief, a California company with its principal place of business located at 5858 Edison Place, Carlesbad, California 92008.

4. Plaintiff is the assignee of HSBC Mexico, A.A. Institucion de Banca Multiple, Groupo Financiero HSBC as Trustee with Number F/307882 ("Assignor") with respect to the Lease between Assignor and Defendant's Mexican affiliate, Oceanside Glasstile México, S. de R.L. de C.V. as Lessee ("Lessee") with respect to an area of 4,690.54 square meters, located on Avenida Águila Real No. 19400, Fraccionamiento Bajamar El Águila, Tijuana, Baja California, Mexico (the "Leased Property").

5. By Guaranty of Lease, dated November 14, 2016, Defendant unconditionally guarantee all of Lessee's obligations under the Lease.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant pursuant to Defendant's written Guaranty of Lease, Exhibit A hereto, which contains both a provision selecting New York law as its governing law, and a provision whereby Defendant "irrevocably submits to the jurisdiction of any New York State or Federal Court sitting in New York City in any action or proceeding arising out of or relating to this Guaranty or the Obligations" thereunder, and "waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum for the maintenance of such action or proceeding." (Guaranty, Exhibit A §§ 16, 17).

7. Venue is proper in this Court in that Defendant's Guaranty of Lease designates this Court as a proper venue for any dispute arising out of or related to the Guaranty of Lease.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff is the Landlord pursuant to the Lease Agreement with Defendant's affiliate, Oceanside Glasstile México, S. de R.L. de C.V. as "Lessee" with respect to the Leased Property.

9. The Lease is dated November 14, 2016 and covers a Term that extends until September 13, 2021. A copy of the Lease is attached as Exhibit B hereto.

10. Pursuant to the Guaranty of Lease, Defendant "unconditionally guarantees the punctual payment when due, whether upon maturity, by acceleration or otherwise, of all obligations (now or hereafter existing) of the Lessee to Lessor in any form, including obligations owing by the Lessee to Lessor under the Lease Agreement (all such obligations being the 'Obligations')." (Guaranty of Lease, Exhibit A hereto § 1).

11. The Guaranty of Lease further provides that: "If Lessee fails to pay any Obligation in full when due (whether at stated maturity, by acceleration or otherwise), the Guarantor will promptly pay the remaining outstanding obligation to Lessor. The Guarantor will also pay to Lessor any and all expenses (including without limitation, reasonable legal fees and expenses) incurred by Lessor in enforcing its rights under this Guaranty. This Guaranty is a guaranty of payment and not merely of collection." (Guaranty of Lease, Exhibit A hereto § 1).

12. The Guaranty of Lease further provides that it is "irrevocable, absolute and unconditional irrespective of, and the Guarantor hereby irrevocably waives any defenses it may now or hereafter acquire in any way." (Guaranty of Lease, Exhibit A hereto § 2).

13. The Guaranty has a broad waiver provision whereby Defendant expressly and unconditionally "waives promptness, diligence, notice of acceptance, notice of dishonor and any other notice with respect to any Obligation and this Guaranty and any requirement that Lessor

exercise any right or take any action against Lessee or any collateral security or credit support." (Guaranty of Lease, Exhibit A hereto § 3).

14. The Guaranty of Lease also expressly provides that: "Lessor may, without notice, assign this Guaranty in whole or in part, or may assign all of its interests in and to the Lease, and, in such event, each and every successive assignee of the Lessor's interest in the Lease or of the Guaranty will have the right to enforce this Guaranty, by suit or otherwise, for the benefit of such assignee as fully as if such assignee were named herein." (Guaranty of Lease, Exhibit A hereto § 4).

15. The Guaranty of Lease further provides that it is a "continuing guaranty and applies to all Obligations whenever arising. This Guaranty is irrevocable and will remain in full force and effect until the payment in full of the Obligations and all amounts payable hereunder and the termination of all of the agreements relating to the Obligations Guarantor will not assign or delegate its obligations under this Guaranty unless permitted by express written consent of Lessor." (Guaranty of Lease, Exhibit A hereto § 11).

16. Defendant's affiliate, Oceanside Glasstile Mexico, S. de R.L.de C.V. as Lessee under the Lease Agreement guaranteed by Defendant, is in default of its payment obligations under the Lease. Lessee was provided Notice of its defaults under the Lease, including Notice provided on June 14, 2020.

17. Lessee did not address its defaults under the Lease, and by Notice dated July 1, 2020, Plaintiff provided Notice to Defendant of the Lessee's defaults under the Lease, and Defendant's obligations to promptly pay all amounts owed under the Lease pursuant to Defendant's Guaranty of Lease. A copy of the Notice to Defendant is attached as Exhibit C hereto.

18.   Defendant did not respond in any way to the July 1, 2020 Notice of Default.

19.   At the present time, the amount of arrears owed to Plaintiff under the Lease Agreement, and guaranteed by Defendant under the unconditional Guaranty of Lease, are as follows:

| | |
|---|---|
| Rent: | $515,355.49 |
| Property Tax | $ 13,052.18 |
| Insurance | $  2,808.84 |
| VAT | $105,020.84 |
| Late Charges | $ 125,163.29 |
| Building Maintenance | $  25,648.14 |
| Roof Maintenance | $   1,117.00 |
| **CURRENT TOTAL** | **$788,165.94** |

20.   Additional amounts of Rent and Additional Rent continue to accrue on the Lease, and Plaintiff seeks payment of all amounts due under the Lease as unconditionally guaranteed by Defendant through the date of entry of Judgment in this action.

21.   The Guaranty of Lease further obligates Defendant to pay Plaintiff "any and all expenses (including without limitation, reasonable legal fees and expenses) incurred by [Plaintiff] in enforcing its rights under this Guaranty." (Guaranty of Lease, Exhibit A hereto § 1).

## FIRST CAUSE OF ACTION
### [Breach of Contract]

22.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

23.   Plaintiff has materially performed all of its obligation under the Lease and Guaranty of Lease, which are valid and legally enforceable agreements between the parties.

24.   Under the terms of the Lease, Defendant's affiliate, Lessee, breached the Lease by failing to pay Rent and Additional Rent due thereunder.

25. Plaintiff provided Notice to Lessee of its breaches of the Lease and failure to pay the Rent and Additional Rent due thereunder, which Lessee did not cure.

26. As a result, by Notice dated July 1, 2020, Plaintiff provided Notice to Defendant of Lessee's breaches under the Lease, and Defendant's obligations under the unconditional Guaranty of Lease to pay to Plaintiff all amounts due under the Lease by reason of Lessee's defaults and breaches under the Lease.

27. Defendant did not respond or object in any manner to Plaintiff's Notice of Default.

28. The Guaranty of Lease is governed by New York Law (Guaranty of Lease § 16), and every contract governed by New York law contains an implied covenant of good faith and fair dealing, which Defendant breached by its conduct.

29. In breach of the Guaranty of Lease, Defendant failed to pay Plaintiff the amounts due under the Lease, and Plaintiff has been damaged thereby.

30. As a result of Defendant's breaches and material Defaults of the Guaranty of Lease and its corresponding duties of good faith and fair dealing, Plaintiff is entitled to all of the remedies afforded to it under the Lease and Guaranty of Lease, in addition to its actual and consequential damages, including, without limitation: all Fixed Rent and all Additional Rent due under the Lease as they become due, through and including the end of the Lease Term of September 13, 2021, and all other Invoices and charges incurred during the pendency of this lawsuit, in addition to interest and late charges permitted under the Lease and Guaranty of Lease.

31. The current amount of Plaintiff's damages due to Defendant's breaches of its obligations under the Guaranty of Lease is $788,165.94, plus interest, which continues to accrue.

32. Plaintiff is also entitled to recover from Defendant, as additional damages, all reasonable expenses actually incurred by Plaintiff in connection with enforcing its rights under the Guaranty of Lease, including, without limitation, its reasonable attorney's fees and expenses, as provided in Guaranty of Lease § 1.

## SECOND CAUSE OF ACTION
### [Declaratory Judgment]

33. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

34. Defendant's acts, described herein, were wrongful, unreasonable and in violation of the express and implied terms of the Guaranty of Lease.

35. There is an actual controversy existing between Plaintiff and Defendant regarding Defendant's failure and refusal to satisfy its obligations under the Guaranty of Lease.

36. The foregoing constitutes an actual, justiciable, and substantial controversy between parties having adverse interests.

37. A declaratory judgment will serve the useful and practical purpose of clarifying and/or settling the legal relations and/or issues herein and will terminate and/or otherwise afford relief from uncertainty.

38. No prior request has been made by Plaintiff for the relief requested herein.

39. Accordingly, Plaintiff requests a judgment against Defendant, declaring that it is obligated to pay all amounts owed under the Lease to Plaintiff pursuant to the Guaranty of Lease as they become due, continuing through the end of the Lease Term on September 13, 2021.

WHEREFORE, plaintiff CIBANCO, S.A., I.B.M., As Trustee of the Trust Agreement Irrevocable number CIB/2989 demand Judgment against defendant Oceanside GlassTile Company as follows:

(a) On its First Cause of Action, awarding Plaintiff all of its actual and consequential damages, including, without limitation, all of the remedies afforded to it under the Lease, in an amount to be proved at trial, which presently amounts to no less than $788,165.94, plus interest, which continues to accrue.

(b) On its Second Cause of Action, awarding Plaintiff judgment declaring that Defendant is in breach of its Guaranty of Lease, and that it is obligated to pay all amounts owed under the Lease to Plaintiff pursuant to the Guaranty of Lease as they become due, continuing through the end of the Lease Term on September 13, 2021.

(c) On all Causes of Action, awarding Plaintiff all of its pre and post litigation costs, expenses and attorneys' fees, together with interest thereon.

(d) Awarding Plaintiff such other and further relief as this Court deems just, equitable and proper under the circumstances.

Dated: New York, New York
November 19, 2020

SIMON•LESSER PC

By: _____
Leonard F. Lesser, Esq.
355 Lexington Avenue, 10th Floor
New York, New York 10017
t: 212.599.5455
f: 212.599.5459
*Attorneys for Plaintiff CIBANCO, S.A., I.B.M., As Trustee of the Trust Agreement Irrevocable number CIB/2989*